## Commonwealth ex rel. v. Smith, Warden

*John A. Boyle,* assistant district attorney, for relator.

*Herman I. Pollock,* for defendant.

JONES, J., October 27, 1944.—The petition for a writ of habeas corpus upon which the writ was allowed and made returnable Thursday, October 5, 1944, was presented by the district attorney at the instruction

and direction of the court. Upon the return day of the writ, to wit, October 5, 1944, hearing was had in open court.

It appears from the record that defendant, William Dukes, was indicted at June sessions, 1944, no. 754, for the crime of attempted burglary; the district attorney elected to try this indictment and listed it for trial in the Criminal Division of the Municipal Court; in pursuance thereof trial was had in said court upon July 13, 1944, the defendant being represented by counsel; the jury returned a verdict of guilty, and the court on July 14, 1944, imposed sentence.

These record facts present two questions: (1) The question as to whether or not the Municipal Court had jurisdiction to try an indictment for attempted burglary; and (2) the question as to whether or not the district attorney, with or without the consent of the attorney for the defendant, had the legal power to elect to try an indictment for attempted burglary in the Municipal Court and to list such indictment for trial in such court. It was because of these questions arising upon the record facts that the court upon its own motion instructed and directed the district attorney to present a petition for a writ of habeas corpus.

The Municipal Court "is a purely *statutory* court of *original* jurisdiction in criminal cases. As to them, it has expressly been given a limited trial jurisdiction . . .": Commonwealth ex rel. v. Baldi, 147 Pa. Superior Ct. 193, 198; hence it is that the answers to the questions involved are to be found in the pertinent statutory provisions.

The jurisdiction of the Municipal Court in criminal cases is set forth in section 11 of the Act of July 12, 1913, P. L. 711, as amended, 17 PS §694, insofar as is pertinent to the questions involved in the instant proceeding. It is provided in said section 11, inter alia, as follows:

"The said court hereby created shall have jurisdiction in all criminal actions and suits for penalties, ex-

cept that it shall not have jurisdiction in the trial of indictments for arson, burglary, . . . murder . . ."

It is provided in section 13 of the Act of July 12, 1913, P. L. 711, 17 PS §696, inter alia:

"It shall be the duty of the district attorney of said county to prosecute all cases in which prosecutions have been begun in the Municipal Court, or which have been returned to court by magistrates for trial, and which are exclusively triable in the Municipal Court, or which the district attorney elects to try in said court . . ."

Analogous questions were considered and discussed in the opinion filed in the case of Commonwealth ex rel. John H. Maurer, District Attorney of the County of Philadelphia, v. Herbert Smith, Warden of Eastern State Penitentiary, July sessions, 1944, no. 73, wherein the indictment charged the defendant with the crime of burglary. In that case it was held that the Municipal Court had no jurisdiction to try an indictment for burglary and that the trial of the defendant in said court upon said indictment was a nullity and the sentence imposed void. It was held also that the district attorney did not have the legal power to elect to try an indictment for burglary in the Municipal Court, with or without the consent of the attorney for the defendant.

In the instant case we have under consideration an indictment for attempted burglary and the validity of the trial of defendant upon such indictment in the Municipal Court and the imposition of sentence upon the rendition of a verdict of guilty upon such indictment.

The statutory provisions setting forth the jurisdiction of the Municipal Court are silent as to the jurisdiction of the court in the trial of an indictment for the attempt to commit any of the crimes the trial of which is excluded from such jurisdiction, among which is the crime of burglary. To determine the questions involved, consideration must be given to the nature of the crime of burglary and the crime of an attempt to commit the crime of burglary, to the distinction, if any

there be, between the criminality, i. e., the act or series of acts which constitutes the commission of the crime of burglary, and the criminality involved in the attempt to commit such crime.

Section 901 of The Penal Code of June 24, 1939, P. L. 872, reads as follows:

"Section 901. Burglary.—Whoever, at any time, wilfully and maliciously, enters any building, with intent to commit any felony therein, is guilty of burglary, a felony, and upon conviction thereof, shall be sentenced . . ."

In the light of this provision the nature and character of the crime of burglary is apparent. Its elements are the malicious intent to commit a felony and the successful and effective overt act or series of acts directed toward the commission of the felony by the entry into a building.

The elements of an attempt to commit a crime are not obscure. They have been declared by credible authority. In 16 C. J. 113, §92, it is said:

"An attempt to commit a crime consists of three elements: (1) The intent to commit the crime; (2) performance of some act toward the commission of the crime; and (3) the failure to consummate its commission. It is sometimes said that it is compounded of two elements: (1) The intent to commit it; and (2) a direct, ineffectual act done toward its commission; but it is obvious that the second element in the latter statement includes the second and third elements in the former. A failure to consummate the crime is as much an element of an attempt to commit it as the intent and the performance of an overt act toward its commission."

It is to be noted that, if there be no failure to consummate the crime, the attempt to commit it is merged into the completed crime. The attempt, that is, the performance of the overt act toward the commission of a crime, into which overt act the intent to commit the

crime is merged, is a constituent of the completed crime.

In considering the distinction which exists between the intent to commit a crime and an attempt to commit such crime, the Supreme Court said in the case of Commonwealth v. Eagan, 190 Pa. 10, 21, 22, inter alia:

"An attempt, in general, is an overt act done in pursuance of an intent to do a specific thing, tending to the end but falling short of complete accomplishment of it. In law, the definition must have this further qualification, that the overt act must be sufficiently proximate to the intended crime to form one of the natural series of acts which the intent requires for its full execution. So long as the acts are confined to preparation only, and can be abandoned before any transgression of the law or of others' rights, they are within the sphere of intent and do not amount to attempts. Thus the acts of the prisoner in going to Pepper's place and watching his house, and even of preparing the rope to tie him, while undoubtedly done in pursuance of the intent, did not go beyond mere preparation, and had the intent been abandoned at this point, an indictment for an attempt to commit robbery or burglary could not have been sustained. But *the moment a blow was struck on Pepper the first step of the actual crime had been taken, and the intent was merged in the attempt. Subsequent abandonment might prevent the completion of the crime, but could not save from the consequences of acts done in the attempt.*" (Italics supplied.)

In the case of Commonwealth v. Neubauer, 142 Pa. Superior Ct. 528, the Superior Court, after citing and quoting from Commonwealth v. Eagan, supra, continued, inter alia, as follows (p. 533):

"An attempt to commit a crime is defined in 14 Am. Jur., Criminal Law, §65, as follows: 'An attempt to commit a crime is any overt act done with the intent to commit the crime and which, except for the interference of some cause preventing the carrying out of the in-

tent, would have resulted in the commission of the crime.' See, also, 22 C. J. S. Criminal Law, §73."

There is an inherent relationship between an attempt to commit a crime and the consummation of the attempted crime. Without the former, the latter is not. Each and every completed crime results from the successful, the effective, attempt to commit it. Success or failure, criminality exists, crime is committed. The attempt to commit burglary is a constituent of the crime of burglary.

This kinship is shown in the provisions of section 1107 of The Penal Code of 1939, which reads as follows:

"Section 1107. Attempts to Commit Crime—If, on the trial of any person charged with felony or misdemeanor, it shall appear to the jury upon the evidence, that the defendant did not complete the offense charged, but was guilty only of an attempt to commit the crime, he shall not by reason thereof be entitled to be acquitted, but the jury may return, as their verdict, that the defendant is not guilty of the felony or misdemeanor charged, but is guilty of an attempt to commit the same."

The gist of both crimes, the crime of the attempt to commit burglary and the crime of burglary, is the same, namely, the malicious intent to commit the crime and the overt act indicative of such intent and directed toward its consummation. They are similar in the malevolence of the perpetrator and his overt act, without the existence of which intent and overt act neither is committed.

The success or failure of the overt act to complete the intended crime marks the difference between the two offenses. The difference, however, is one of degree, not one of essential criminal ingredients. The difference does not alter the criminal character of the act done nor does it relieve the perpetrator of the consequences of his conduct. The act is done with the intent to succeed, not to fail.

If there be merit in what has been said, how stands the jurisdictional question? I am of the opinion that the Municipal Court, having been denied in express terms the jurisdiction to try an indictment for burglary, is, in the absence of an express grant to the contrary, without jurisdiction to try an indictment for the constituent offense of an attempt to commit burglary. The jurisdiction of a statutory court must be found in statutory provisions. From the pertinent statutory provisions no jurisdictional power can be inferred. If a court, the jurisdiction of which is solely statutory, is denied in express terms the power to try an indictment for burglary and there is no express grant of jurisdiction in such court to try an attempt to commit such crime, are not the lack of jurisdictional power to try an indictment for the attempt and the intention of the legislature to deny such power to such court evident? Had it been the purpose of the legislature to grant such power, would it not have declared such purpose in express terms, particularly so in the light of its express denial of the jurisdictional power to try the indictment for the complete crime of which the attempt is a constituent?

If it be thought that it is the obvious which has been discussed and at too great length, it is answered that the matter at issue upon the record facts is of too much significance to be dismissed with an ex cathedra pronouncement.

If, now, the court be without jurisdiction to try an indictment for the attempt to commit burglary, did the district attorney have the legal power to elect to try an indictment for such offense in the Municipal Court? The answer must be in the negative; otherwise, the bounds of the jurisdictional power of the court repose in the discretion of the district attorney.

"The statutory power conferred upon the District Attorney to elect, that is to say, to choose which cases

are to be prosecuted in the Municipal Court and thereupon to list them for trial in such court is restricted to the election of cases the trial of which is within the jurisdiction of the court. The election of the District Attorney and the listing for trial in the instant case and the consequent trial, though had without objection by the defendant's counsel, cannot confer jurisdiction upon the court . . ." See Commonwealth ex rel. v. Smith, etc., supra.

The court being without jurisdiction in the trial of indictments for the attempt to commit burglary, the trial of defendant was a nullity and the verdict of the jury and the sentence imposed upon defendant are null and void.

Defendant, however, is not entitled to his discharge for the reason that there is a legal cause for his detention, namely, trial upon the said indictment, the validity of which is not in question.

At the conclusion of the hearing October 5, 1944, the court ordered that defendant be remanded for trial upon the said indictment in a court of competent jurisdiction and made an order as follows:

*"Order of court*

"And now, October 5, 1944, the trial of the defendant upon indictment, June sessions, 1944, no. 754, in the Municipal Court is held to be null and void and the verdict of guilty rendered by the jury and the sentence imposed by the court are held to be null and void and are set aside for the reason that the Municipal Court was without jurisdiction to try the said defendant upon said indictment. Defendant is remanded for trial upon the said indictment in a court of competent jurisdiction."